DAVIS B. JOSEPH AND HELEN M. JOSEPH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Joseph v. Commissioner
Docket No. 1320-90
United States Tax Court
T.C. Memo 1991-94; 1991 Tax Ct. Memo LEXIS 113; 61 T.C.M. (CCH) 2056; T.C.M. (RIA) 91094; March 5, 1991, Filed *113 An order will be entered granting respondent's motion to dismiss for lack of jurisdiction. Alexander B. McDonald, for the petitioners. Caroline Arnold, for the respondent. PANUTHOS, Special Trial Judge. PANUTHOS
MEMORANDUM OPINION This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. The issue for decision is whether the notice of deficiency was mailed to petitioners' "last known address" within the meaning of section 6212(b). [1]
The facts have been stipulated and are so found. Petitioners' 1981 and 1982 Federal income tax returns were filed in March 1984. The address reflected on the returns is P.O. Box 665, Three Rivers, California 93271. In July 1985, petitioner Davis B. Joseph sent a letter to respondent advising that his address had changed to 11122 Langley Drive, Los *114 Alamitos, California 90720. The letter contained both petitioners' names and social security numbers. Respondent's records reflect that petitioners did not file any Federal income tax returns between July 1985 and February 25, 1987, the date of issuance of the notice of deficiency. A notice of deficiency was mailed to petitioners on February 25, 1987, determining deficiencies and additions to tax for 1981 and 1982 as follows: Addition Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1981
$ 1,236.32
$ 309.08
$  61.81
50% of the interest
due on $ 1,236.32
1982
$ 3,383.00
$ 612.25
$ 189.65
50% of the interest
due on $ 3,383.00
The notice of deficiency dated February 25, 1987, was mailed in duplicate to petitioners at the Post Office box at Three Rivers and to the Langley Drive, Los Alamitos addresses. A petition was filed on January 17, 1990. At the time of filing the petition herein, petitioner Davis B. Joseph resided at Three Rivers, California, and petitioner Helen M. Joseph resided at Hemet, California. Petitioners argue that they did not receive the notice of deficiency in time to file a timely petition. Petitioner Davis *115 B. Joseph alleges that he had moved in 1985 due to illness. He further claims that he ultimately received the notice of deficiency from a member of his family who continued to reside at the Los Alamitos address. It is well settled that to maintain an action in this Court there must be a valid statutory notice of deficiency and a timely filed petition. ; . A valid notice of deficiency has been issued if it is mailed to the taxpayer's last known address by certified or registered mail. Actual receipt of the notice of deficiency is not required if it was mailed to the last known address. , affg. on other grounds ; . Respondent is entitled to treat the address on a taxpayer's most recently filed return as the last known address in the absence of clear and concise notification from the taxpayer directing respondent to use a different address. . *116 Petitioners bear the burden of proving that the notice of deficiency was not mailed to their last known address. ; Rule 142(a). Here, petitioner Davis B. Joseph gave notice to respondent of a change in address in July 1985. There is nothing in the record indicating any notice of change of address from petitioner Helen M. Joseph (except to the extent that the notice given by petitioner Davis B. Joseph might be considered a notice of change of address for both petitioners). We need not be concerned whether the notice of change of address was intended for both petitioners, since respondent mailed duplicate notices of deficiency to petitioners at the address reflected in the notice of change of address as well as the address reflected on the 1981 and 1982 Federal income tax returns. Respondent exercised reasonable care and diligence in ascertaining petitioners' correct address. , affd. ; . Petitioners have stipulated that *117 respondent's records do not reflect any subsequent Federal income tax returns having been filed prior to the issuance of the notice of deficiency on February 25, 1987. In this regard, petitioners did not allege or present any evidence that they filed Federal income tax returns during this period of time. The petition was filed on January 17, 1990, which date is almost 3 years after the mailing of the notice of deficiency to petitioners' last known address. It is clear that this case must be dismissed for lack of jurisdiction. Sec. 6213(a); . An order will be entered granting respondent's motion to dismiss for lack of jurisdiction. Footnotes
1. All section references are to the Internal Revenue Code as amended and as in effect for the tax years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩